UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

ROSINA FELICIANO,

                Plaintiff,

  -against-

**THE CITY OF NEW YORK (CITY); THE NEW YORK CITY POLICE DEPARTMENT (NYPD); Individually and in his official capacity as then NEW YORK CITY POLICE OFFICER — POLICE OFFICER JOSEPH FRANCO,**

                Defendants.
-------------------------------------------------------X

**COMPLAINT**

**TRIAL BY JURY DEMANDED**

CIVIL NO.

     Plaintiff ROSINA FELICIANO by and through her attorney Rudy Velez, Esq., respectfully shows to this court and alleges as follows:

### INTRODUCTION

1. This is a civil rights action in which the Plaintiff seeks relief for the defendants' violations of her rights secured by the Civil Rights Act of 1871, 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments of the New York State Constitution and Constitution of the United States. During his years on the force, Defendant FRANCO conspired with other officers to violate the rights of the people they arrested. Defendant FRANCO fabricated evidence, committed perjury and caused people who he arrested to forego their rights and plead guilty in order to mitigate the collateral consequences of his convictions.

2. Plaintiff seeks money damages, attorney's fees and such further relief as this Court deems just and proper.

3. This action has been commenced within three years after Plaintiff's claim arose by reason of the termination of the criminal prosecution in favor of the Plaintiff.

## JURISDICTION AND VENUE

4. This action is brought pursuant to 42 U.S.C. §l983 and §1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.

5. Jurisdiction is founded upon 28 U.S.C. §1331,1343 (1-4) and 2202.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b).

## JURY DEMAND

7. Plaintiff demands trial by jury in this action.

## PARTIES

8. Plaintiff ROSINA FELICIANO (FELICIANO) is an American Citizen residing in Bronx, New York. She has not been convicted of any crime since her release from custody.

9. Defendant CITY OF NEW YORK (CITY) is a municipal corporation organized under the laws of the State of New York and the public employer of the police officer named as a defendant in this action.

10. Defendant NEW YORK CITY POLICE DEPARTMENT (NYPD) is an agency of the City of New York, existing and operating by virtue of the laws of the State of New York and the City of New York.

11. At all times relevant herein, defendant POLICE OFFICER JOSEPH FRANCO (FRANCO) was a Police Officer of the NYPD, acting as an agent, servant and employee of defendant CITY and in furtherance of the scope of his employment and acting under color of the law; to wit under color of statues, ordinances, regulations, policies, customs and images of the CITY and/or the Police Department.

2

12. At all times relevant herein, defendant JOSEPH FRANCO was a police officer employed by the NYPD.

13. FRANCO was fired from the NYPD after a departmental trial. In 2019 FRANCO was arrested and charged with fabricating the facts of three separate narcotics transactions that never happened, after his allegations were ultimately contradicted by surveillance video and statements from others involved in the arrests. On April 24, 2019, FRANCO was indicted on four counts of perjury, nine counts of filing false paperwork, and three counts of official misconduct. Three months later a New York County grand jury added ten additional counts of perjury and related charges based on FRANCO'S conduct in two other cases. At all times relevant herein, defendant FRANCO was acting as agent. servant and employee of defendant City of New York.

14. At all times relevant herein, defendant FRANCO was all acting under color of state law.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

15. On September 12, 2012, at approximately 4:50 p.m., Plaintiff was in front of 931 Fox Ave, county of the Bronx, NY when she allegedly engaged in the sale of a quantity of crack cocaine. She was arrested and taken to Bronx Central booking.

16. These charges were entirely fabricated. Plaintiff did not sell narcotics.

17. In the sworn Criminal Court Complaint defendant FRANCO claimed, that Plaintiff handed him crack cocaine in return for money from FRANCO.

18. This sworn statement was entirely fabricated. Plaintiff did not engage in any transaction with FRANCO.

19. Once FRANCO was discovered to have committed perjury when he worked as an undercover narcotics detective in the Bronx from 2011-2015, Plaintiff's conviction was vacated with the consent of the Bronx County District Attorney's Office on September 24, 2021.Other convictions from cases in which FRANCO had participated were also vacated

on or about that date (see attached appendix statement by the Bronx District Attorney's Office, Exhibit A).

20. According to a New York Times article of April 6, 2021, the Bronx County District Attorney's office consented to the vacatur of convictions in which FRANCO played a key role.

21. On September 2, 2021 Plaintiff's criminal court counsel moved to vacate Plaintiff's convictions pursuant to C.P.L. § 440.10.

22. According to the same article, in 2021 90 convictions were vacated upon consent of the District Attorneys because the convictions depended on the word of FRANCO who was now charged with perjury and played a key role in these cases.

23. While in jail, Plaintiff was threatened with physical violence by other inmates. She was severely traumatized and suffered severe physical and emotional harm.

24. The acts complained of herein, and the vacatur of 90 convictions referenced in paragraph 23 are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, promote and discipline police officers and supervisory officers.

25. The failure of the City of New York and the NYPD to properly select, train, supervise, promote and discipline police officers and supervisory officers constitutes gross and deliberate indifference of unconstitutional conduct by those officers.

26. The official policies, practices and customs of the City of New York and the NYPD, alleged herein violated Plaintiff' rights guaranteed by 42 USC § 1983 and the Fourth and Fourteenth Amendments to the Constitution of the United States.

27. The conduct towards Plaintiff alleged in this Second Claim for Relief subjected Plaintiff to: trauma, shock, debasement, shame, fright, fear, humiliation, harassment,

28. embarrassment, loss of freedom, physical injury, psychological injury, emotional injury, trauma, pain, and suffering.

28. The Supreme Court of New York, County of Bronx ordered that Plaintiff's judgement of conviction be vacated on September 24, 2021 because her due process rights were violated pursuant to the United States Constitution. In addition, on this same date, it was further ordered that Plaintiff's indictment be dismissed with prejudice.

**CAUSES OF ACTION**
**COUNT ONE**
**42 U.S.C. § 1983 Fourth and Fourteenth Amendment**
**Violations: Malicious Prosecution**

29. The Plaintiff incorporates by reference the allegations set forth in all proceeding paragraphs 1 through 28 as if fully set forth herein.

30. On or about September 7, 2012 the defendants initiated a criminal proceeding against the Plaintiff by misrepresenting and falsifying evidence in criminal court brought by P.O FRANCO. P.O. FRANCO continued his lies in the grand jury in order to secure an indictment.

31. P.O. FRANCO was the key witness and there was no other independent evidence to support his claims.

32. Plaintiff state that then P.O. FRANCO did not make a complete and full statement of facts. P.O. FRANCO misrepresented and falsified evidence that created a falsehood in signing the felony complaint and P.O. FRANCO'S lies were material for a finding of probable cause.

33. In commencing and continuing the prosecution of Plaintiff, defendants caused Plaintiff to be falsely charged with acts in violation of the Penal law of the State of New York.

34. Plaintiff had not given defendant CITY, its agents, servants or employees, including then P.O. FRANCO probable cause to believe that Plaintiff had committed the falsely charged illegal acts.

35. The defendants acted with malice because then P.O. FRANCO did not arrest Plaintiff with the desire to see the ends of justice served but rather with a false motive of planting and fabricating evidence.

36. As a result of the false evidence provided by defendants, Plaintiff was forced under threat of issuance of a warrant to defend against false charges.

37. Plaintiff ultimately was deprived of her liberty by serving 90 days, and one year in an in-patient drug program.

38. The conduct of the defendants was the direct and proximate cause of Plaintiff's loss of liberty for 90 days and violated Plaintiff's statutory rights guaranteed by the laws and Constitution of New York and the United States.

39. On September 24, 2012 Plaintiff's conviction was vacated and the indictment dismissed with prejudice pursuant to an order of the Supreme Court, of the State of New York.

### COUNT TWO
### 42 U.S.C. § 1981 & 1983 AND THE FOURTEENTH AMENDMENT VIOLATIONS FOR FABRICATED EVIDENCE

40. Plaintiff repeats and reiterates the allegations contained in paragraphs "1" through "39" of the complaint as if fully set forth herein.

41. On or about September 7, 2012 in the County of the Bronx, New York, Plaintiff was unlawfully detained, arrested, imprisoned by agents, servants and/or employees of defendant, CITY including P.O. FRANCO.

42. That the aforesaid imprisonment was malicious, unlawful. and not based upon a warrant, probable cause, and or any justification but based on fabricated — evidence.

43. That defendant CITY, through its agents, servants and/or employees, including police defendants, P.O. FRANCO acted in bad faith and without probable cause in committing the aforesaid arrest and imprisonment of PLAINTIFF. The undercover official, P.O FRANCO

fabricated information, to wit he lied about PLAINTIFF'S participation of a sale of CRACK COCAINE.

44. That the aforesaid arrest and imprisonment was made with fabricated evidence as sworn to in the criminal complaint The information FRANCO forwarded to prosecutors formed the basis for PLANTIFF'S prosecution and PLANTIFF'S became aware that this fabricated evidence if believed would likely influence a jury's verdict and convict her.

45. The aforesaid fabrication of evidence caused Plaintiff to suffer a deprivation of her liberty.

46. By reason of the foregoing, the defendants became liable to PLAINTIFF in a sum of money which exceeds the jurisdiction limits of all courts of lesser jurisdiction.

**COUNT THREE
MUNICIPAL LIABILITY FOR
CONSTITUTIONAL VIOLATIONS: MONELL CLAIM**

47. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs "1" through 46" of this complaint.

48. Prior to September 07, 2012, defendant CITY developed and maintained polices and customs which caused the deprivation of plaintiff's Constitutional rights.

49. Prior to September 07, 2012, the responsible policy making officials of defendant CITY knew, or in the exercise of reasonable care should have known, that individual police officers of the CITY had engaged in a pattern and practice of illegal and unconstitutional conduct, including performing false arrests, malicious prosecutions and unconstitutional searches on arrestees. Specifically, defendant CITY knew or should have known that defendants P.O. FRANCO and other police officers had falsely arrested and/or unlawfully searched numerous other people, often resulting in tainted prosecutions.

50. Despite knowledge of the aforesaid, pattern and practice, defendant CITY failed to properly investigate this conduct, and failed to supervise, train and discipline the officers of the New York City Police Department.

51. Defendant CITY adopted a "hands off" policy of custom with regard to such illegal and unconstitutional acts committed by police officers, which encouraged the individual defendants

in this case to believe that they could violate the constitutional rights of the Plaintiff with impunity and with the explicit or tacit approval of defendant CITY, in violation of 42 U.S.C. § 1983.

52. As a result of the foregoing, Plaintiff sustained the damages and injuries previously described, and seeks compensatory damages from the City of New York.

## DAMAGES

53. As a direct and proximate result of the said acts of the defendants, PLAINTIFF suffered the following injuries and damages:

    a. Violation of her rights under the Fourth and Fourteen Amendments to the Constitution:

    b. Loss of physical liberty due to incarceration:

    c. Further restriction on his liberty due to forced court appearance:

    d. Humiliation, embarrassment, injury to reputation, physical abuse:

    e. Extreme emotional distress;

    f. Severe disruption of family.

**WHEREFORE,** Plaintiff requests the following relief as against all of the defendants:

1. Award compensatory damages in an amount to be determine by the Court.

2. Award attorneys' fees as fair and reasonable compensation for services, rendered in connection with this action;

3. For such other and further relief as to this Court may deem just and proper.

Respectfully Submitted,

*Rudy Velez*

Dated: July 1, 2024
Bronx, New York

Rudy Velez/ RV7160
930 Grand Concourse
Suite 1A
Bronx, New York 10451
(917) 674-0573
rvesq@yahoo.com